# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**MALIBU MEDIA, LLC,**

    Plaintiff,

v

**GERALD SHEKOSKI,**

    Defendant.

Case No. **2:13-cv-12217-VAR-RSW**
Hon. Victoria A. Roberts

---

**Nicoletti & Associates, PLLC**
By:  Paul J. Nicoletti (P44419)
Attorney for Plaintiff
36880 Woodward Ave., Suite 100
Bloomfield Hills, Michigan 48304
(248) 203-7800
pauljnicolleti@gmail.com

**Blanco Wilczynski, PLLC**
By:  Derek W. Wilczynski (P57079)
Attorneys for Defendant
2095 E. Big Beaver Rd., Suite 400
Troy, Michigan  48083
(248) 519-9000
dsw@blancopc.com

**Lincoln G. Herweyer, PC**
By:  Lincoln G. Herweyer (P55742)
Co-Counsel for Defendant
35054 Twenty-Three Mile Rd., Suite 115
New Baltimore, Michigan  48047
lgherweyer@netscape.net

---

## DEFENDANT'S MOTION FOR LEAVE TO FILE AN EARLY MOTION FOR SUMMARY JUDGMENT/DISMISSAL

    **NOW COMES** Defendant Gerald Shekoski, previously identified as John Doe subscriber assigned IP address 68.62.41.133, by and through undersigned counsel, and brings this Motion to file an Early Motion for Summary Judgment/Dismissal–without prejudice to his right to file a second, more comprehensive motion for summary judgment following the October 7, 2014 Settlement Conference.  More particularly:

1. Pursuant to E.D. Mich. LR 7.1(b)(2), "a party must obtain leave of court to file more than one motion for summary judgment."

2. Moreover, pursuant to this Court's December 9, 2013 Scheduling Order, "No dispositive motions are allowed prior to the conclusion of the settlement conference" which is currently scheduled for October 7, 2014.  (Doc. 14.)

3. Defendant is one of more than 1800 individuals across the nation who have been sued by Plaintiff Malibu Media, LLC for copyright infringement, having been identified as an alleged infringer based solely on his status as the account holder of a particular IP address.

4. While Plaintiff's Amended Complaint *might* nominally state a claim upon which relief may be granted based on a loose correlation between those who pay for an internet service account and those who use or access it, Plaintiff's entire theory of its case depends on Paragraph 23 from its Amended Complaint, which states: "As the subscriber in control of the IP address . . . Defendant is the most likely infringer.  Consequently, Plaintiff hereby alleges Defendant is the infringer." (Doc. 5, p 4, ¶ 23.)

5. Defendant is a married father and grandfather who works in a factory that makes duct tape.  It is honest work that has allowed him, by the sweat of his brow, to raise, house and clothe a family, but it does not provide him the wherewithal to mount a full scale defense in a federal lawsuit, particularly against a Plaintiff with the resources to launch a veritable industry of copyright infringement litigation.  Frankly, Defendant lacks even the resources to pay one of Plaintiff's less-than-the-cost-of-a-defense settlements.

6. However, while not accepting everything in Plaintiff's Amended Complaint as true, but accepting most of it arguendo, Defendant can show that he cannot be the alleged "serial infringer" who committed the acts complained of by Plaintiff.

7.      Therefore, Defendant seeks an order from this Court permitting him to move for Summary Judgment/Dismissal at this time asserting certain threshold issues.  Principally, said motion would be in the nature of a motion under Fed. R. Civ. P. 12(b)(6), but it would specifically attack (and refute with evidence) the allegation that Defendant is the infringer.  It would also raise a challenge to the admissibility of the key evidence in this case, based on the averments in the Amended Complaint itself, one minor reference to external evidence of an unquestionable nature, and the law.

8.      Because this litigation poses such a financial hardship on Defendant, he would very much prefer to adjudicate these threshold issues at this time, without prejudicing his right to file a more comprehensive dispositive motion on other issues following the October 7, 2014 Settlement Conference–in the event that such is necessary.

9.      No only will the relief requested in this motion greatly benefit Defendant, but it will also benefit Plaintiff who, having filed suit against a blameless Defendant, will be shielded from having to pay unnecessary costs and attorneys' fees, which are recoverable by Defendant pursuant to 17 U.S.C. § 505.

10.     On June 11, 2014, counsel for Defendant sent a copy of this motion (or one substantially similar to it) to Plaintiff's counsel, and asked for his concurrence in the relief sought herein.  Such concurrence was not obtained.

**WHEREFORE**, Defendant respectfully requests that this Court enter an order permitting him to file a motion for summary judgment and/or dismissal at this time, based on certain threshold dispositive issues, while reserving his right to file a second, more comprehensive motion for Summary Judgment, after the October 7, 2014 Settlement Conference, in the event that such is necessary.

4

Respectfully submitted,

| | |
|---|---|
| **Blanco Wilczynski, PLLC** | **Lincoln G. Herweyer, PC** |
|    s/ Derek W. Wilczynski |    s/ Lincoln G. Herweyer |
| By:  Derek W. Wilczynski (P57079) | By:  Lincoln G. Herweyer (P55742) |
| Attorneys for Defendant | Co-Counsel for Defendant |
| 2095 E. Big Beaver Rd., Suite 400 | 35054 Twenty-Three Mile Rd., Suite 115 |
| Troy, Michigan  48083 | New Baltimore, Michigan  48047 |
| (248) 519-9000 | lgherweyer@netscape.net |
| dsw@blancopc.com | |