UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**MALIBU MEDIA, LLC,**   Case No. **2:13-cv-12217-VAR-RSW**
Hon. Victoria A. Roberts

   Plaintiff,

**v**

**GERALD SHEKOSKI,**

   Defendant.

---

**Nicoletti & Associates, PLLC**
By:  Paul J. Nicoletti (P44419)
Attorney for Plaintiff
36880 Woodward Ave., Suite 100
Bloomfield Hills, Michigan 48304
(248) 203-7800
pauljnicolleti@gmail.com

**Blanco Wilczynski, PLLC**
By:  Derek W. Wilczynski (P57079)
Attorneys for Defendant
2095 E. Big Beaver Rd., Suite 400
Troy, Michigan  48083
(248) 519-9000
dsw@blancopc.com

**Lincoln G. Herweyer, PC**
By:  Lincoln G. Herweyer (P55742)
Co-Counsel for Defendant
35054 Twenty-Three Mile Rd., Suite 115
New Baltimore, Michigan  48047
lgherweyer@netscape.net

---

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANT'S COMPUTER HARD DRIVE

**NOW COMES** Defendant Gerald Shekoski, previously identified as John Doe subscriber assigned IP address 68.62.41.133, by and through undersigned counsel, and brings this Motion, pursuant to Fed. R. Civ. P. 26(c) for a Protective Order regarding the information on his computer's hard drive.

More specifically, and as detailed in the accompanying brief in support, because of the

personal and confidential nature of the information Defendant's hard drive, and because most or all of that information is irrelevant to the issues in this case, and because of the nature of Plaintiff and its industry-scale litigation and coercive settlement practices, Defendant wants the moral equivalent of an in camera inspection of his computer's hard drive, by using a licensed but neutral expert in computer forensics (paid for by Plaintiff) who can provide the information to both parties that is relevant to Plaintiff's claims, but who will not otherwise divulge the contents of Defendant's computer to Plaintiff or anyone else.

As early as February 28, 2014, Defendant's counsel proposed a procedure consistent with the relief requested in this motion. Plaintiff's counsel counter-proposed a protective order that simply protected the information from further disclosure, but which did nothing to address a number of concerns set forth in the accompanying brief. Plaintiff's counsel was provided with an advance copy of this motion and brief with a request for his concurrence in the relief sought herein. Such concurrence was not obtained.

**WHEREFORE**, Defendant respectfully requests a protective order limiting Plaintiff's discovery of Defendant's computer hard drive to the procedures described in the accompanying supporting brief.

Respectfully submitted,

| | |
|---|---|
| **Blanco Wilczynski, PLLC** | **Lincoln G. Herweyer, PC** |
|   |   |
|    s/ Derek W. Wilczynski    |    s/ Lincoln G. Herweyer    |
| By: Derek W. Wilczynski (P57079) | By: Lincoln G. Herweyer (P55742) |
| Attorneys for Defendant | Co-Counsel for Defendant |
| 2095 E. Big Beaver Rd., Suite 400 | 35054 Twenty-Three Mile Rd., Suite 115 |
| Troy, Michigan 48083 | New Baltimore, Michigan 48047 |
| (248) 519-9000 | lgherweyer@netscape.net |
| dsw@blancopc.com | |

2

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

**MALIBU MEDIA, LLC,**                     Case No. **2:13-cv-12217-VAR-RSW**
                                           Hon. Victoria A. Roberts
    Plaintiff,

v

**GERALD SHEKOSKI,**

    Defendant.

---

**Nicoletti & Associates, PLLC**
By:  Paul J. Nicoletti (P44419)
Attorney for Plaintiff
36880 Woodward Ave., Suite 100
Bloomfield Hills, Michigan 48304
(248) 203-7800
pauljnicolleti@gmail.com

**Blanco Wilczynski, PLLC**
By:  Derek W. Wilczynski (P57079)
Attorneys for Defendant
2095 E. Big Beaver Rd., Suite 400
Troy, Michigan  48083
(248) 519-9000
dsw@blancopc.com

**Lincoln G. Herweyer, PC**
By:  Lincoln G. Herweyer (P55742)
Co-Counsel for Defendant
35054 Twenty-Three Mile Rd., Suite 115
New Baltimore, Michigan  48047
lgherweyer@netscape.net

---

**BRIEF IN SUPPORT OF
DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING
<u>DEFENDANT'S COMPUTER HARD DRIVE</u>**

**STATEMENT OF ISSUES PRESENTED**

      SHOULD THIS COURT ENTER A PROTECTIVE ORDER WITH RESPECT TO THE HARD DRIVE ON DEFENDANT'S COMPUTER SUCH THAT THE MORAL EQUIVALENT OF AN IN CAMERA REVIEW IS CONDUCTED BY AN INDEPENDENT, LICENSED EXPERT IN COMPUTER FORENSICS?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Fed. R. Civ. P. 26(c)(1)**

**TABLE OF CONTENTS**

STATEMENT OF ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

CONTROLLING OR MOST APPROPRIATE AUTHORITY.. . . . . . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ARGUMENT

I.  THIS COURT SHOULD ENTER A PROTECTIVE ORDER THAT LIMITS THE DISCOVERY OF THE CONTENTS OF DEFENDANT'S COMPUTER HARD DRIVE TO AN EXAMINATION BY A LICENSED AND INDEPENDENT EXAMINER, WHO CAN THEN DISCLOSE THE NECESSARY RELEVANT INFORMATION TO BOTH PARTIES IN ACCORDANCE WITH THE PROCEDURE PREVIOUSLY PROPOSED BY DEFENDANT. . . . . . . . . . . . . . . . . . . .  4

    Weighing the respective burdens. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

    Irrelevant Information. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

    Financial Burden. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

    Licensing/Copyright Violations.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

CONCLUSION and RELIEF REQUESTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

# INDEX OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Lewelling v. Farmers Ins. of Columbus, Inc.*,
    879 F.2d 212 (6th Cir. 1989)............................................... 4

*Schlagenhauf v Holder*,
    379 U.S. 104, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964)............................ 7

**Federal Statutes and Rules**

17 U.S.C. § 501............................................................... 1

E.D. Mich. LR 7.1(a).......................................................... 2

Fed. R. Civ. P. 26(b).......................................................... 7

Fed. R. Civ. P. 26(c).......................................................... 7

Fed. R. Civ. P. 26(c)(1)................................................... 2, 4, 8

Fed. R. Civ. P. 35(a).......................................................... 7

FRE 401...................................................................... 5

**Michigan Statutes**

MCL 338.821 *et seq.*....................................................... 3, 8

MCL 338.822(b)............................................................ 3, 8

MCL 338.822(e)............................................................... 3

MCL 338.822(e)(viii).......................................................... 8

MCL 338.823.................................................................. 3

MCL 338.823(1)............................................................... 8

**STATEMENT OF FACTS**

Pending before this Court is an action for direct copyright infringement, under 17 U.S.C. § 501, by Plaintiff Malibu Media LLC ("Malibu") against Defendant Gerald Shekoski ("Defendant").

Malibu is in the business of producing and distributing pornographic movies and, in cooperation with a German IT firm known (at least in this lawsuit) as IPP Limited[1] ("IPP"), is also a prolific, for-profit copyright infringement litigator that has, since 2012, filed over 1800 copyright infringement suits involving peer-to-peer filing sharing. Meanwhile, Defendant is a father and grandfather in his mid-fifties who works in a factory that makes duct tape and who has never engaged in peer-to-peer file sharing in his life. Indeed, Defendant never heard of BitTorrent prior to the filing of this lawsuit and cannot find any trace of any of the files identified in Exhibits B or C to Malibu's Amended Complaint on his computer. Metaphorically speaking, Defendant is a dolphin caught up in Malibu's tuna net, and he needs to be thrown back into the sea.

Presently at issue before this Court is a controversy about the examination of the hard drive on Defendant's computer. Understandably, given the nature of its case, Plaintiff wants to examine Defendant's hard drive in an effort to obtain evidence supporting its accusation that Defendant has used peer-to-peer filing sharing to directly infringe the copyrights of their pornography. Presumably, Plaintiff would principally look for: the BitTorrent program, BitTorrent files, any usage indicating peer-to-peer file sharing, and any presence of allegedly infringed works. In order to facilitate its desire to poke around in Defendant's computer, Plaintiff proposes to have its paid expert spend up to an entire business day making an exact duplicate (image) of the hard drive on Defendant's computer, and thereafter have its expert spend "weeks if not months" conducting an examination of the contents of the image. Plaintiff proposes to protect Defendant by agreeing to a protective order

---

[1] In some cases it files, Malibu refers to IPP as IPP International, UG.

1

that would prohibit Plaintiff from unnecessarily re-disclosing designated documents and information to third persons– provided that Defendant adheres to an onerous process of individually designating the confidentiality level of every document and item to be protected.[2]

From Defendant's perspective, however, the procedure contemplated by Plaintiff is needlessly invasive and lacks adequate safeguards, among other problems. In truth, Defendant welcomes another opportunity[3] to demonstrate that he did not engage in peer-to-peer file sharing of Plaintiff's works, and fully expects that a forensic examination of his computer's hard drive will bear witness to that fact. Nonetheless, Defendant's computer hard drive is the repository of myriad documents and records that are of a private and confidential nature. These include (or may include): records regarding Defendant's and his family's banking transactions; their tax records and filings with the IRS and State of Michigan, their social security numbers and drivers license data; their mortgage payments and other bills; their purchasing habits and credit histories; their income and financial worth; school records; medical records; passwords of every kind, and private communications that were never intended to be revealed to third persons.

Moreover, Defendant understandably distrusts the particular persons who want to subject his confidential information to such exacting scrutiny. Defendant does not have the resources to monitor Malibu or IPP (the German IT firm on whose work Plaintiff's case is based) and hold them accountable should they violate the protective order contemplated by Plaintiff. Instead, Defendant

---

[2] As set forth in the body of the motion itself, and in compliance with both Fed. R. Civ. P. 26(c)(1) and E.D. Mich. LR 7.1(a), the parties attempted to resolve this disagreement through a proposal by Defendant and a counter-proposal by Plaintiff.

[3] Defendant has already supplied Plaintiff with his work records for the so-called period of infringement which demonstrate that, at least on some of the occasions when someone using (or appearing to use) his internet account with Comcast, Defendant was at work in Marysville, which is a 30 minute drive from his home in New Baltimore.

2

would have to essentially *trust* them.  Yet, pornographers with a industry-sized litigation practice of coercing settlements from blameless individuals do not instill the confidence necessary to such trust.  Nor does a foreign IT company that may be a shell for a previously discredited firm instill such trust.[4]  While Plaintiff may be heard to shout its own bona fides, one must remember that Defendant *knows* that he did not infringe Plaintiff's copyrights and, therefore, he *knows* that Plaintiff is the kind to sue innocent people and attempt (from his perspective) to extort money from them.

Further, Defendant lacks the funds to pay for his own forensic examination of his computer's hard drive, so he fears what might be "planted" on his computer by an unlicensed imaging "expert" or what exculpatory evidence might be withheld by Plaintiff's forensic examiner in an effort to squeeze him for money.  Since the imaging and examination would not have to be done twice if Defendant could both trust the results and have the same access to the results as Plaintiff, the procedure that Defendant proposes is far superior to that proposed by Plaintiff.

Finally, some accommodation must be made for the fact that what Plaintiff is proposing will itself constitute (or may constitute) one or more violations of law.  That is, resident on Defendant's computer are many copyrighted works (e.g., computer programs that Defendant uses by license). It would be ironic indeed if Defendant were forced to actually abet copyright infringement in order to demonstrate that he had not previously done so.  Moreover, in Michigan those who engage in computer forensic investigations for a fee must be licensed, and doing so without a license is a felony punishable by up to four years in prison.  See MCL 338.822(b); MCL 338.822(e); MCL 338.823. Therefore, the individual paid to examine Defendant's computer hard drive should be licensed under MCL 338.821 *et seq*.

---

[4] There is growing evidentiary support being presented in other Malibu cases that IPP is a new shell company for the pre-existing (but discredited) German company Guardaley Limited.

3

**ARGUMENT**

I. **THIS COURT SHOULD ENTER A PROTECTIVE ORDER THAT LIMITS THE DISCOVERY OF THE CONTENTS OF DEFENDANT'S COMPUTER HARD DRIVE TO AN EXAMINATION BY A LICENSED AND INDEPENDENT EXAMINER, WHO CAN THEN DISCLOSE THE NECESSARY RELEVANT INFORMATION TO BOTH PARTIES IN ACCORDANCE WITH THE PROCEDURE PREVIOUSLY PROPOSED BY DEFENDANT.**

Fed. R. Civ. P. 26(c)(1), in relevant part, provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Such an order may include "(A) forbidding the disclosure or discovery; (B) specifying the terms . . . for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery . . . ." *Id.* The decision to issue a protective order is left to "the broad discretion of the district court in managing the case." *Lewelling v. Farmers Ins. of Columbus, Inc.,* 879 F.2d 212, 218 (6th Cir. 1989).

**Weighing the respective burdens.** As discussed earlier, Plaintiff wants to make a complete copy of everything on Defendant's hard drive, and then have its paid examiners spend weeks or months poring over what they find there. Defendant is of the position that nothing found on his computer's hard drive will have any relevance to this case–except that very conclusion, i.e., that there is nothing relevant to this case there. Because Defendant has no desire to let the details of all of his personal and confidential information be scrutinized by pornographers who (in his view) are engaging in a for-profit campaign of mass extortion, Defendant made a reasonable proposal as to how Plaintiff could obtain the information in which it has a legitimate interest. That is, on February 28, 2014, Defendant submitted the following objection to Plaintiff's discovery request.

> [Request No.1 by Plaintiff.] A forensically sound copy (a clone) of the hard drive for each of the Computer Devices in your house, apartment or dwelling.

4

> **RESPONSE NO. 1:**
>
>> **Defendant objects to this request on the basis that, by its terms, it proposed to impose on Defendant annoyance, embarrassment, oppression or undue burden or expense. More specifically, Defendant does not personally have the skills or knowledge to produce such a copy, and should not be expected to bear the financial burden of hiring an expert to produce such a copy. Moreover, Defendant has neither permission, access to, or even knowledge of every computer device ever used in his house during the alleged "period of record infringement." Moreover, and more importantly, the hard drive of the only computer that Defendant has ever used in his house from well before, during, and after the alleged "period of record infringement," contains private and confidential information completely unrelated to any legitimate purpose of Plaintiff in the instant lawsuit, and Defendant should not be compelled to entrust such private and confidential matters to the custody and control of a pornographer/plaintiff. Notwithstanding said objection, Defendant proposes to allow Plaintiff access to the information it seeks, as follows:**
>>
>> **Plaintiff and Defendant shall mutually agree upon the selection of an independent expert in "computer forensics" (as that terms is defined by MCL 338.822(b)), who is licensed in Michigan under MCL 338.821** *et seq*. **If Plaintiff and Defendant cannot agree on the selection of such an expert, then one shall be selected by the Court. Plaintiff will bring his computer, and any other video games or equipment within his custody and control and identified in these requests as being sought by Plaintiff for inspection, to the offices of Blanco Wilczynski at a mutually agreed upon time, where it/they can be examined by the independent expert in computer forensics. Said expert may make copies of the information stored on any such device, subject to the following conditions. First, the Plaintiff must agree to the entry of an appropriate protective order, being one that forbids the computer forensic expert from revealing to Plaintiff (or any other person) any of the information obtained from Defendant's computer or devices that is not relevant to this action under FRE 401. Second, the protective order must forbid the computer forensic expert from retaining such information after the close of this case, or permitting anyone else from retaining it. In addition, Plaintiff will be required to pay computer forensic expert's fees, but the computer forensic expert must agree to maintain his or her independence, rather than maintaining a client relationship with Plaintiff.**

(Defendant's February 28, 2014 Responses to Plaintiff's Requests for the Production of Documents [not filed].)

5

In response, Plaintiff's counsel agreed to pay for his own "expert" to make a copy of Defendant's hard drive, and to entry of a blanket protective order designed to protect Plaintiff's interests (e.g., customer lists, processes, operations, type of work, or apparatus, or to the production, type and volume of sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures). Moreover, the protective order proposed by Plaintiff would require an onerous process (especially given the circumstances of Defendant's limited financial means) of individually designating each document subject to non-disclosure as falling into one of three confidential categories. This would leave Defendant in the unenviable position of examining, or having his attorneys examine, every item on his hard drive, designate it with some identifier, and then classify it (or fail to classify it) with one of the three categories of confidentiality proposed by Plaintiff. Moreover, the parties would thereafter be free to follow another procedure to challenge confidentiality level assigned by the other party to a document. Seriously?! The cost of going through that process, by itself, would engender defense costs far in excess of one of Plaintiff's notorious settlement demands.

In support of its proposal, and in opposition to Defendant's, Plaintiff's counsel has taken the position that Defendant is trying to determine who Plaintiff can have as its expert. Defendant would respond that he is only trying to prevent his personal and confidential information that is wholly irrelevant to this action from falling into the hands of Plaintiff or its experts–while at the same time providing Plaintiff with everything it needs in a manner by which Plaintiff can rest assured that nothing was withheld.

Obviously, Defendant's desire to not be subjected to annoyance, embarrassment, oppression, or undue burden or expense conflicts with Plaintiff's desire to open and broad discovery (assuming the best intentions on the part of Plaintiff, rather than inferring a desire to impose a hardship on

Defendant). But resolving such tensions is exactly what Fed. R. Civ. P. 26(c) is for.

**Irrelevant Information.** Defendant is not claiming that any information on his hard drive that would support Plaintiff's case is confidential. Rather, he is claiming that nothing on his hard drive will not be relevant to Plaintiff's claims, and that such irrelevant information includes all of the private and confidential information that he wants kept private and confidential. Should an independent expert determine that there is nothing on Defendant's hard drive in the nature of what Plaintiff seeks, Plaintiff can hardly object to being precluded from discovering irrelevant information. Indeed, the United States Supreme Court has expressly held that, pursuant to Fed. R. Civ. P. 26(b) relevancy is a *sine qua non* for information to fall within the scope of discoverability in the first place. See *Schlagenhauf v Holder*, 379 U.S. 104, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964).[5]

**Financial Burden.** Plaintiff chose to bring this suit, and many more like it, based solely on its claim that it can allegedly trace infringing activity to someone using (or appearing to use) Defendant's IP address. Presumably, it must be aware that the correlation between IP address and user is somewhat loose, and that on many occasions it will have sued the wrong party. Apparently, it has determined that the financial gain it stands to realize through a broad application of that strategy outweighs the costs that it will incur (and impose) on those occasions where (as here) it has sued the wrong party. And, of course, the cost of having Defendant's hard drive examined for evidence of file sharing is obviously one of those contemplated costs.

Defendant, by contrast, did not sign up for this. He has been involuntarily dragged into this

---

[5] In *Schlagenhauf* the Court's discussion of the "good cause" requirement of Fed. R. Civ. P. 35(a) gave substantial insight into the relevancy requirement of discoverability under Fed. R. Civ. P. 26(b)(1). That is, the Court noted that because the general scope of discovery is limited to any matter, not privileged, that is relevant to the subject matter of the litigation, then the "good cause" requirement of Rule 35(a) "would be meaningless if [it] could be established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b)." *Schlagenhauf, supra*, 379 U.S. at 117-118.

7

mess without having ever heard of BitTorrent and without having ever engaged in peer-to-peer file sharing.  Since an independent forensic examiner could provide the necessary information to both sides, it makes no sense for Defendant to have to retain his own expert.  Why pay for two when one will do?  Let Plaintiff front the cost of a licensed, independent forensic examiner, and if Plaintiff somehow prevails, it can tax that cost as the prevailing party.  But allow both Defendant and Plaintiff to have equal access to the independent expert's report.

**Licensing/Copyright Violations.**  As noted, under Michigan law, persons who engage in "computer forensics" (as that term is defined by MCL 338.822[b]) "to be used as evidence before a court, board, officer, or investigating committee," MCL 338.822(e)(viii), must hold a license to do so, and doing so without a license is a felony punishable by up to four years in prison.  MCL 338.823(1).  Therefore, any expert who engages in computer forensics with respect to Defendant's hard drive should be licensed pursuant to MCL 338.821 *et seq*.  To the extent that Defendant's hard drive contains authorized copies of other works that are subject to copyrights (e.g. computer programs), Plaintiff should be compelled to indemnify and hold Defendant harmless for any infringement of said copyrights resulting from the imaging of his hard drive.

## CONCLUSION and RELIEF REQUESTED

For the reasons stated above, Defendant seeks a protective order of this Court under Fed. R. Civ. P. 26(c)(1) with regard to Plaintiff's request for a complete copy of the hard drive on his computer.  To wit:

> Plaintiff and Defendant shall mutually agree upon the selection of an independent expert in "computer forensics" (as that terms is defined by MCL 338.822[b]), who is licensed in Michigan under MCL 338.821 *et seq*. If Plaintiff and Defendant cannot agree on the selection of such an expert, then one shall be selected by the Court from nominees provided by the parties. Plaintiff will bring his computer, and any other video games or equipment within his custody and control and identified in these requests as being sought by Plaintiff for inspection, to the offices of Blanco Wilczynski at a mutually agreed upon time, where it/they can be examined

by the independent expert in computer forensics. Said expert may make copies of the information stored on any such device, subject to the following conditions. Said expert shall expressly agree to be bound by this protective order. Said expert will not reveal to Plaintiff (or any other person) any of the information obtained from Defendant's computer or devices that is not relevant to this action under FRE 401. The parties will assist said expert in that regard by submitting to him or her mutually agreed upon interrogatories about the contents of Defendant's computer. The computer forensic expert must destroy and not retain, or permit anyone else (other than Defendant) to retain information obtained from Defendant's computer after the close of this case. In addition, Plaintiff will be required to pay the computer forensic expert's fees, but the computer forensic expert must agree to maintain his or her independence, rather than maintaining a client relationship with Plaintiff.

**WHEREFORE**, Defendant Respectfully requests a protective order from this Court as set forth above.

Respectfully submitted,

| **Blanco Wilczynski, PLLC** | **Lincoln G. Herweyer, PC** |
|---|---|
| s/ Derek W. Wilczynski | s/ Lincoln G. Herweyer |
| By: Derek W. Wilczynski (P57079) | By: Lincoln G. Herweyer (P55742) |
| Attorneys for Defendant | Co-Counsel for Defendant |
| 2095 E. Big Beaver Rd., Suite 400 | 35054 Twenty-Three Mile Rd., Suite 115 |
| Troy, Michigan  48083 | New Baltimore, Michigan  48047 |
| (248) 519-9000 | lgherweyer@netscape.net |
| dsw@blancopc.com | |

### CERTIFICATE OF SERVICE

I certify that on July 2, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to: Paul J. Nicoletti, Attorney for Plaintiff. Judges' copies were mailed on the same day.

    s/Lincoln G. Herweyer
    Lincoln G. Herweyer
    35054 Twenty-Three Mile Rd., Suite 115
    New Baltimore, MI 48047
    (586) 716-1562
    lgherweyer@netscape.net