UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 2:13-cv-12217-VAR-RSW |
| ) | |
| v. ) | |
| ) | |
| GERALD SHEKOSKI, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE AN EARLY MOTION FOR SUMMARY JUDGMENT/DISMISSAL**

Plaintiff, Malibu Media, LLC ("Plaintiff"), respectfully requests this Court deny the subject Motion (CM/ECF 15). Defendant's Motion requests permission to file two motions for summary judgment, one now and one later, contrary to the Court's Order of December 9, 2013 which expressly states that "[n]o dispositive motions are allowed prior to the conclusion of the Settlement Conference." CM/ECF 14, at p. 3. Defendant's earlier motion will apparently "be in the nature of a motion under Fed. R. Civ. P. 12(b)(6), but it would specifically attack (and refute with evidence) the allegation that Defendant is the infringer . . . [and] raise a challenge to the admissibility of the key evidence in this case . . . ." Motion, ¶ 7. Defendant's second motion will simply be more "comprehensive."

"Summary judgment is typically improper if 'the non-movant is not afforded a sufficient opportunity for discovery.'" *Briggs v. Univ. of Detroit-Mercy*, 2013 WL 4589039, at *1 (E.D. Mich. Aug. 28, 2013) (*citing Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.,* 280 F.3d 619, 627 (6th Cir.2002)). "[U]nder Fed.R.Civ.P. 12(b), before the district court may treat a motion to dismiss as a summary judgment motion, it must give 'all parties ... reasonable opportunity to present all material made pertinent to' the issue." *Ball v. Union Carbide Corp.*,

1

385 F.3d 713, 719 (6th Cir. 2004) (citation omitted).  "It is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Id.*

Here, the parties are in the middle of conducting discovery and numerous essential steps have yet to be taken although the necessary arrangements are being made or will be made shortly.  Specifically, Plaintiff has not yet obtained forensic images of the hard drives located within Defendant's home for inspection.  Indeed, all of the potentially relevant hard drives within Defendant's residence capable of running BitTorrent or storing BitTorrent files have not yet been ascertained.  Similarly, neither Defendant, nor any of the other five (5) individuals residing in Defendant's home have been deposed.  The hard drives and depositions are necessary to the factual record and will certainly bear on any issues raised in a motion for summary judgment.  Additionally, discovery from Defendant's internet service provider ("ISP") is required.  The ISP may have information regarding DMCA (Digital Millennium Copyright Act) Notices or six-strikes notices sent to Defendant which may have notified him of infringing activity traced to his IP address.  Because various essential discovery has not yet been conducted, allowing a premature motion for summary judgment is improper and Defendant's Motion should be denied.

Additionally, "[i]n general, LR 7.1(b)(2) is concerned with 'parties attempting to challenge several counts of a single complaint through separate motions.'" *Colton v. Scutt*, 2012 WL 5383115, at *2 (E.D. Mich. 2012) *aff'd sub nom. Colton v. Cohen*, 2013 WL 3724835 (E.D. Mich. 2013).  Here, Plaintiff's complaint contains a single count for direct copyright infringement.  Therefore, there is no need for multiple summary judgment motions.  To the extent that Defendant's Motion requests permission to file essentially a delinquent 12(b)(6) motion to dismiss, having failed to timely do so previously, the motion is improper and should be

denied. And, allowing a subsequent more comprehensive motion would be redundant.

Requiring Plaintiff to respond to two duplicative motions for summary judgment would unfairly prejudice Plaintiff by requiring it to spend the time and money to respond to both, when only one is necessary. Instead of filing two motions for summary judgment with one more detailed than the other, Defendant should wait until after the scheduling conference on October 14, 2014. By that time, the factual record will be more developed and detailed thus obviating the need for a second more comprehensive motion. Defendant states no reason why he cannot wait to file a motion for summary judgment until after the settlement conference and his mere "prefer[ance] to adjudicate these threshold issues at this time" due to his financial situation is not a legally cognizable reason to grant the motion. Further, a motion for summary judgment seeking to "challenge to the admissibility of the key evidence in this case" is simply unnecessary in light of Defendant's ability to file a motion *in limine* at the appropriate time.

For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion.

DATED: July 7, 2014

                        Respectfully submitted,

                        NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Ave., #433
Birmingham, MI 48009
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 7, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                            By:    /s/ *Paul J. Nicoletti*