UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**MALIBU MEDIA, LLC,**                        Case No. **2:13-cv-12217-VAR-RSW**
                                              Hon. Victoria A. Roberts
    Plaintiff,

v

**GERALD SHEKOSKI,**

    Defendant.

---

**Nicoletti & Associates, PLLC**              **Blanco Wilczynski, PLLC**
By:  Paul J. Nicoletti (P44419)               By:  Derek W. Wilczynski (P57079)
Attorney for Plaintiff                        Attorneys for Defendant
36880 Woodward Ave., Suite 100                2095 E. Big Beaver Rd., Suite 400
Bloomfield Hills, Michigan 48304              Troy, Michigan  48083
(248) 203-7800                                (248) 519-9000
pauljnicolleti@gmail.com                      dsw@blancopc.com

                                                    **Lincoln G. Herweyer, PC**
                                                    By:  Lincoln G. Herweyer (P55742)
                                                    Co-Counsel for Defendant
                                                    35054 Twenty-Three Mile Rd., Suite 115
                                                    New Baltimore, Michigan  48047
                                                    lgherweyer@netscape.net

---

**DEFENDANT'S MOTION FOR PERMISSION TO FILE MOTION TO DISMISS
AND/OR TO DISMISS WITH LIABILITY FOR ATTORNEYS' FEES**

      **NOW COMES** Defendant Gerald Shekoski, previously identified as John Doe subscriber assigned IP address 68.62.41.133, by and through undersigned counsel, and brings this Motion to effectuate the terms of this Court's July 21, 2014 Order, in light of the completion of the forensic examination of Defendant's computer and, in particular, in light of Plaintiff's continued and unwarranted attempt to blackmail Defendant. To wit:

1. On July 18, 2014, the parties appeared before this Court, through their respective counsel, at by way of a telephonic conference, with regard to Defendant's Motion for a Protective Order, and for Leave to File and Early Motion for Summary Judgment/Dismissal. The resulting rulings of this Court were given effect in a written order entered on July 21, 2014 (Doc. 21, pg ID 130-132).

2. A significant aspect of said motions and resulting Order was the conditions under which Plaintiff would be permitted to conduct a forensic examination of Defendant's computer hard drive. The July 21, 2014 Order specifically stated: "If the examination does not reveal **evidence of the copyright infringement alleged in the complaint**, and if there is no evidence that infringing files have been deleted, Malibu Media will dismiss its claims against the Defendant." (Doc. 21, p 2, ¶ 2, pg ID 131 [emphasis added].)

3. Despite the July 21, 2014 Order's requirement that the results of the forensic examination be reported to defense counsel immediately, and despite repeated requests for the same, said results were not reported to defense counsel until September 11, 2014, and then only to the limited extent discussed below.

4. On September 11, 2014, Plaintiffs counsel, by omission, made Defendant's counsel aware that the forensic examination of Defendant's hard drive had not revealed evidence of the copyright infringement alleged in the complaint, and had not revealed any evidence that the infringing files had been deleted. However, instead of directly confessing the same, Plaintiff's counsel stated that Plaintiff's expert had found evidence of unrelated possible copyright infringement of a completely different than that at issue in this case.

5. More particularly, Plaintiff's counsel intimated that Amber Shekoski-- who lived with Defendant when she was a minor, but who now lives on her own near Lansing– had previously used Defendant's computer to engage in peer-to-peer file sharing using a now outdated software known

2

as LimeWire.  It was not the software allegedly used to download Plaintiff's pornography (i.e., BitTorrent), the files allegedly downloaded were not Plaintiff's works (they were music files), and Plaintiff cannot even establish that the file sharing was illegal.

6. Nonetheless, rather than agreeing to dismiss its case as required by the July 21, 2014 Order, Plaintiff's counsel attempted to use the "evidence" of Amber Shekoski's file sharing to bully Defendant into a coerced settlement whereby Defendant would agree to pay a $15,000 judgment if his IP address were ever again to be used for copyright infringement, and that Defendant would give up his right to recoup his costs and attorneys' fees under the provisions of the Copyright Act.

7. Defendant's counsel, in conjunction with conveying said offer to Defendant (as they are ethically bound to do), requested by email (once again) that Plaintiff provide the results of the forensic examination.  In response, Plaintiff's counsel provided an affidavit of Patrick Paige, referencing an Exhibit that supposedly listed the files downloaded by Amber Shekoski. (Exhibit A). This Court will note that all of the "possible" infringement (of rights belonging to someone other than Plaintiff) occurred in 2010 and 2009.  This Court may also note that 17 U.S.C. § 507 imposes a 3-year statute of limitations on copyright infringement.  Therefore, the alleged "evidence" by which Plaintiff wants to strong-arm Defendant consists of "possible" infringement by someone other than Defendant against rights held by someone other than Plaintiff– and the statute of limitations has run as to all of those events.

8. Notwithstanding the fact that Plaintiff was always well aware that it sued Defendant without having evidence that he was the alleged infringer, and is now well aware that evidence establishes that Defendant was not the alleged infringer, this Court will note that Plaintiff's counsel, through his 9-11-14 email (Exhibit B) continues to threaten Defendant, by falsely accusing him of having lied in his answers to interrogatories.  That is, despite Plaintiff's admission that they believe

3

Amber Shekoski downloaded music files using LimeWire, the email from Plaintiff's counsel suggests that Plaintiff intends to falsely accuse Defendant of having done so in order to threaten him with jeopardy for having made the honest admission that he has never used peer-to-peer file sharing in his life.

9. Defendant's counsel has previously advised this Court that these Malibu Media suits are part of a larger campaign to make a profit through copyright infringement suits, and their purpose is not to either prevent copyright infringement nor to redress legitimate injury. Plaintiff has now demonstrated what Defendant's counsel have long understood–i.e., that it makes no difference to Plaintiff whether the people it sues are actually the infringers, and Plaintiff will use anything it finds to attempt to coerce a settlement, or failing that, to coerce a wrongfully sued defendant to abandon his or her right to recover costs and attorneys' fees.

10. Under 17 U.S.C. § 505, this Court may award costs (including attorneys fees) to the prevailing party in a copyright action. A substantial aspect of the industry-sized copyright litigation engaged in by this Plaintiff is to coerce the defendants it sues with the threat of costs and attorneys fees, and actually obtaining such awards in cases where it prevails (sometimes by default judgments). Therefore, it is wholly appropriate that Plaintiff be liable to Defendant for costs and attorneys's fees in this matter.

11. Presently, the parties are scheduled for a telephone conference with this court at 4:30 pm, on September 16, 2014. This Court's July 21, 2014 Order stated that "[t]he parties are prohibited from filing further motions with the Court without permission of the Court," which at least implies that the parties are permitted to seek said permission.

**WHEREFORE**, Defendant respectfully requests that this Court grant him permission to move for an order dismissing this case and determining that Plaintiff is liable to Defendant for

Attorneys's fees and costs. Alternatively, Defendant request that this Court not only grant said permission, but also order the entry of the sought dismissal and determine that Plaintiff is liable for costs and attorneys' fees.

## BRIEF IN SUPPORT OF REQUESTED RELIEF

The relief requested in this Motion is authorized by this court's July 21, 2014 Order, by this Court's inherent powers not to regulate the conduct of the parties before it , and by 17 U.S.C. § 505.

**WHEREFORE**, Defendant respectfully requests the relief specific requested above.

Respectfully submitted,

| | |
|---|---|
| **Blanco Wilczynski, PLLC** | **Lincoln G. Herweyer, PC** |
| s/ Derek W. Wilczynski | s/ Lincoln G. Herweyer |
| By: Derek W. Wilczynski (P57079) | By: Lincoln G. Herweyer (P55742) |
| Attorneys for Defendant | Co-Counsel for Defendant |
| 2095 E. Big Beaver Rd., Suite 400 | 35054 Twenty-Three Mile Rd., Suite 115 |
| Troy, Michigan  48083 | New Baltimore, Michigan  48047 |
| (248) 519-9000 | lgherweyer@netscape.net |
| dsw@blancopc.com | |

## CERTIFICATE OF SERVICE

I certify that on July 2, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to: Paul J. Nicoletti, Attorney for Plaintiff.  Judges' copies were mailed on the same day.

_____