**To:**              Paul Nicoletti
**Subject:**         RE: Malibu Media LLC v. John Doe subscriber assigned IP address 68.62.41.133 (Shekoski)
                     | 2:13-cv-12217-VAR-RSW | NEMI85-1 -- Expert's Report

From: **Lincoln G. Herweyer** <lgherweyer@aim.com>
Date: Thu, Sep 11, 2014 at 11:25 PM
Subject: Re: Malibu Media LLC v. John Doe subscriber assigned IP address 68.62.41.133 (Shekoski) | 2:13-cv-12217-VAR-RSW | NEMI85-1 -- Expert's Report
To: DSW@blancopc.com, pauljnicoletti@gmail.com

There will be no amended complaint here.  If Malibu wants to sue Joe or Amber, that's fine, but they'll have to file a new complaint.  Gerry, will not consent to (and we will oppose) an amendment.  Moreover, I note that the supposed file-sharing was all in 2010 or earlier.  17 USC 507 imposes a 3-year SOL on copyright infringement suits.  Moreover, FRE 404(b) would exclude this type of "other acts" evidence even if you could prove that Gerry did it-- which of course you can't.  Your own expert thinks Amber did the LimeWire sharing, and you can't even show that what she did was illegal.  I find it very odd that you're trying to piss Gerry (and us) off right as you're asking for a gift.  Joe did not have his own computer until his parents purchased him the one he is now using-- which was his graduation (from high school) gift.  Since he was using the computer your expert examined prior to that time, and your expert seems to be able to identify Amber's use, he should also have been able to identify Joe's use.  So, I suppose it would be time to depose you expert-- except that will be left for the next case.

Paul, we all know your litigation model.  Just to be clear, here's ours.
1.  Win summary judgment (or earlier dismissal) -- get attorneys' fees
2.   Failing that, win at trial -- get attorneys' fees
3.   Failing that, win on appeal -- get attorneys' fees
4.  Failing that, client discharges judgment in bankruptcy
Please note, nothing in our plan provides for any money flowing from Gerry Shekoski to your client.  You've probably never seen Derek try a case, but I have . . . and juries just love him.  Further, you have never been on the other side of an appeal from me, but I am as good as it gets-- since we're being honest.  Plus, my wife loves going to Cincinnati with me for oral arguments  (we usually spend two nights and treat it like a mini-vacation).

I understood your offer when you related it to me earlier today, and I am ethically bound to take it to the client.  And I don't think it was out of order for us to ask for the expert's report in conjunction with the same.  But if you're going to shake your fist (or your client's fist) in a threatening manner (so to speak) so that we will be sufficiently intimidated to take your offer, it behooves you actually make it scary . . . you know, so that we can be afraid.  Otherwise, it's just embarrassing.  Derek and I both litigate against Fieger regularly and he's been perfecting his circus act for long time-- so, you've really got to bring your A-game (I'll let you decide what the A stands for) if you want us to buy into your theory that "bad things" are going to happen unless Gerry agrees to walk away. In point of fact, while this is clearly not our first rodeo, it is a "first" of sorts.  Which is to say, it may be the first time we have collaborated on a case whether the risk of an actual downside is so low.

Regards,


Lincoln G. Herweyer, Esq.
LINCOLN G. HERWEYER, P.C.

35054 Twenty-Three Mile Rd., Suite 115
New Baltimore, MI  48047
(586) 716-1562


-----Original Message-----
From: Derek S. Wilczynski <DSW@blancopc.com>
To: Paul Nicoletti <pauljnicoletti@gmail.com>; Lincoln Herweyer <lgherweyer@aim.com>
Sent: Thu, Sep 11, 2014 5:33 pm
Subject: RE: Malibu Media LLC v. John Doe subscriber assigned IP address 68.62.41.133 (Shekoski) | 2:13-cv-12217-VAR-RSW | NEMI85-1 -- Expert's Report

Paul:

This is no offer.  It is continued extortion on the part of Malibu.  Your suit against *Gerald* Shekoski was for Malibu media movies.  I have looked over the "report" (which is not a report, just a list) and I don't see any Malibu media files contained in the list.  It is clear that Mr. Shekoski, our client, did not bit torrent any materials for which Malibu owns the copyright.

I seem to recall you agreeing with Judge Roberts that if the expert review of Mr. Shekoski's hard drive did not establish the bit torrenting of any Malibu files that you would voluntarily dismiss this case.  Because the review does not show Malibu files, that is what you are required to do.

Furthermore, Mr. Shekoski did not make any false statements.  Your accusation is nothing more than nonsense.  You know it, I know it, and Lincoln knows it.  You are now clearly on a fishing expedition to try and save your case.  Neither Lincoln nor I represent Amber or Joe Shekoski.  If you want to amend your complaint to sue them we can't stop you.  But he is also under no obligation to help you establish a case against someone else.  No judge, especially Judge Roberts, will support you with this.  In fact, Judge Roberts said as much at the hearing on our motion.

We will take your offer to Mr. Shekoski.  However, we will also be moving for  dismissal ourselves in light of your experts' report.

Derek S. Wilczynski
Blanco Wilczynski, PLLC
2095 E. Big Beaver  Ste 400
Troy, MI  48083
248.519.9000
248.519.9001 fax

**From:** Paul Nicoletti [mailto:pauljnicoletti@gmail.com]
**Sent:** Thursday, September 11, 2014 8:04 PM
**To:** Derek S. Wilczynski; Lincoln Herweyer
**Subject:** Malibu Media LLC v. John Doe subscriber assigned IP address 68.62.41.133 (Shekoski) | 2:13-cv-12217-VAR-RSW | NEMI85-1 -- Expert's Report

**FRE 408(a) PROTECTED SETTLEMENT DISCUSSIONS**

Derek and Lincoln,

Attached is Plaintiff's expert report.  Plaintiff's expert report reveals that Defendant's hard drive contains a peer-to-peer file sharing software and additional evidence of piracy.  For your review I am also attaching Defendant's Responses to Plaintiff's First Set of Interrogatories in which Defendant made false statements with regard to Interrogatory Nos. 14, 15, and 21, and further that he never knowingly downloaded a computer file on Limewire.  Perhaps even more important is the fact that Defendant failed to "identify each person, including yourself, if applicable, whom you know, at any time in the past, has used BitTorrent or any other type of peer-to-peer file sharing program."

Given Patrick Paige's results, and Defendant's false statements, Plaintiff is certain the infringement emanated from Defendant's home and that the hard drive used to infringe Plaintiff's works has not yet been turned over.  Indeed, Joseph Shekoski's purchase of a brand new computer immediately after notification of this suit is a red flag that his previous computer may have been destroyed.  If so, proving it will be relatively easy and Plaintiff will seek sanctions against your

clients if they intentionally destroyed evidence. Be advised, Plaintiff will be moving to reopen discovery, and to amend its Complaint to add Joseph Shekoski and Amber Shekoski as Defendants.  Plaintiff will also add the additional infringements (bringing the total to 36 infringed works). Further, Plaintiff intends on reserving its Subpoena for Deposition Duces Tecum for production of Joseph Shekoski's and Amber Shekoski's hard drives.

With that in mind and my client being sympathetic, as I previously discussed with Lincoln, Malibu has authorized me to resolve this matter confidentially without requiring the Shekoski's to pay money if Mr. Shekoski, Joseph Shekoski and Amber Shekoski sign an agreement promising not to use BitTorrent  to infringe on any of Malibu's copyrighted works.  Further, if Malibu's investigator discovers Defendant's IP address is being used to infringe its works again, the offending party would be required to stipulate to a judgment of $15,000.

This offer is extremely generous.  If your client is in agreement with the dismissal of this case, please confirm that I have your consent and I will begin preparing a stipulation of dismissal with prejudice and with each party bearing their own fees.  Your response must be received no later than tomorrow at 5:00pm (9/12/2014).  If no response is received we will continue to litigate this case as planned.  Please advise.

Best Regards,

**NICOLETTI LAW, PLC**
Paul Nicoletti  (P-44419)
33717 Woodward Avenue, Ste. #433
Birmingham, MI 48009
Landline: (248) 203-7800
eFax: (248) 928-7051
Email:  pauljnicoletti@gmail.com
http://www.nicolettilawplc.com

This e-mail message contains confidential privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee.  If you have received it in error, please call us (collect) at (248) 203-7800 and ask to speak with the message sender.  Also, we would appreciate your forwarding the message back to us and deleting it from your system.  Thank you. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only.  No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means.  Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

