UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC.,

      Plaintiff,

vs

GERALD SHEKOSKI,

      Defendant.

_____/

Case No: 13-12217
Honorable Victoria A. Roberts

## ORDER GRANTING PLAINTIFF'S AMENDED MOTION TO DISMISS (DOC. #30)

### I.    INTRODUCTION

Plaintiff Malibu Media (Malibu) filed an amended motion to dismiss without prejudice under F.R.C.P. 41. Defendant Gerald Shekoski opposes the motion in that he seeks dismissal with prejudice.

Plaintiff's amended motion for dismissal without prejudice is **GRANTED**.

### II.    STATEMENT OF FACTS

Malibu filed a Complaint against a John Doe IP address alleging direct copyright infringement. The Complaint was later amended to include the Defendant's name. During discovery, a dispute arose over whether Plaintiff would be allowed to have its expert do an in depth analysis of the Defendant's hard drive; the Court allowed the analysis based on Plaintiff's representation that if it did not find evidence of direct infringement, Plaintiff would dismiss the case. No evidence of direct infringement was found; Plaintiff moved for voluntary dismissal.

1

III.    **ANALYSIS**

    i.    **Standard of Review**

A plaintiff may voluntarily dismiss a case under F.R.C.P. 41.  A voluntary dismissal may be accomplished by stipulation (F.R.C.P. 41(a)(1)), or by court order (F.R.C.P. 41(a)(2)).

The Court considers four factors in determining whether to grant a motion to dismiss without prejudice: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the plaintiff; (3) insufficient explanation of the need for dismissal; and (4) whether the defendant moved for summary judgment.  *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).

    ii.    **Analysis of F.R.C.P. 41 Factors**

        a.    **Defendant's Effort and Expense**

Plaintiff claims that discovery has been very limited, reducing the amount of effort and expense that the Defendant has had to undergo; Defendant does not dispute this assertion. The only discovery conducted has been of Defendant's hard drive by Plaintiff's expert at Plaintiff's expense.  There has also been limited motion work, and most of the motions were filed by Defendant. This factor weighs in favor of Plaintiff.

        b.    **Excessive Delay/ Lack of Diligence by Plaintiff**

There is no evidence that Plaintiff's conduct resulted in any substantial delay in the prosecution of this case.  Plaintiff contends that any delay was caused by Defendant's late response to discovery; Defendant concedes there was delay on its part

in discovery.  Defendant does not allege any delay or lack of diligence on the part of Plaintiff.  This factor also weighs in favor of Plaintiff.

### c.      Reason for Dismissal

Plaintiff claims that it seeks dismissal because it is not financially advisable to continue.  Plaintiff attaches to its Motion an email from Defendant's counsel indicating that Defendant will declare bankruptcy if a judgment is entered against him, bolstering Plaintiff's position that it does not wish to incur the costs of litigation for an uncertain outcome. Defendant says that since Plaintiff's expert found no evidence of direct infringement on Defendant's computer, Plaintiff had no good faith in filing the suit. Plaintiff replies that it is not satisfied that Defendant can be ruled out as the infringer, and regardless of whether the infringer was Defendant or his son, Plaintiff does not wish to incur the cost of litigation for an uncertain verdict.

The Court finds that whether Plaintiff seeks dismissal to avoid expensive litigation, or because it no longer has a good faith belief that Defendant is the direct infringer, Plaintiff has a justifiable reason to dismiss this lawsuit.

### d.      Whether Defendant Moved for Summary Judgment

Plaintiff asserts that Defendant could not have brought a motion for summary judgment because discovery has not concluded; however, Defendant filed a motion seeking leave to file an early summary judgment motion and asked that his response to Plaintiff's motion for dismissal without prejudice be considered a summary judgment motion. For the reasons stated below, the Court will not grant the motion for summary judgment; this factor also favors granting Plaintiff's motion.

3

### iii.    Defendant's Summary Judgment Motion/Argument

 Summary Judgment under F.R.C.P. 56 is appropriate where there is "no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." The moving party has the burden to show there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The Court finds that Defendant has not met this burden.

Plaintiff advances a question of material fact which would make summary judgment inappropriate: Defendant claims that he could not be the infringer because he was at work when some of the alleged infringements occurred.  However, Plaintiff claims that BitTorrent continues to operate while the user is not present.  Dkt. 32 p. 3. This constitutes a factual dispute which makes summary judgment inappropriate.

### iv.    Defendant's Judicial Estoppel Argument

Defendant argues that Plaintiff is bound to accept a dismissal with prejudice because of the doctrine of judicial estoppel.  This doctrine bars a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Browning v. Levy*, 283 F.3d 761 (6th Cir. 2002) [internal citation omitted].

The Defendant appears to argue that in telephone conferences, Plaintiff stated it would dismiss the action if no evidence of direct infringement was found on the Defendant's hard drive, and these conferences are the prior proceeding where Plaintiff made a contradictory statement.  A telephone conference will not be considered by the

Court as a "prior proceeding" for purposes of judicial estoppel.  Additionally, the Court is unclear why a motion to dismiss without prejudice contradicts a statement by Plaintiff that it would move to dismiss the action.  "Judicial estoppel is applied with caution to avoid impinging on the truth-seeking function of the court[.]" *Teledyne Industries, Inc. v. N.L.R.B.*, 911 F.2d 1214, 1218 (6th Cir. 1990).

The doctrine of judicial estoppel does not apply.

## IV.    THE ISSUE OF FEES

Both parties discuss whether fees should be awarded. The question of fees is not before the Court, and the Court declines to address fees through this motion.

## V.    CONCLUSION

Plaintiff's amended motion to dismiss without prejudice is **GRANTED**.

**IT IS ORDERED**.

 /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 15, 2015

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 15, 2015.
>
> s/Linda Vertriest
> Deputy Clerk

5